

**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21236

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## CENTRAL ISLIP DIVISION

| | |
|---|---|
| Guy Boydston, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Lacy Katzen LLP, | |
| Defendant. | |

Plaintiff Guy Boydston, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendant Lacy Katzen LLP as follows:

### INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Congress enacted the FDCPA upon finding that debt collection abuse by debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted

1

by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be

considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.*

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendant Lacy Katzen LLP because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12. Plaintiff Guy Boydston ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant Lacy Katzen LLP ("Defendant") is a company existing under the laws of the State of New York, with its principal place of business in Rochester, New York.

15. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

16. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

3

17. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of Defendant's business is the collection of such debts.

19. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

**FACTUAL ALLEGATIONS**

22. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

23. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24. The alleged Debt does not arise from any business enterprise of Plaintiff.

25. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

27. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

28. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

29. That correspondence, dated January 15, 2021, was received, and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

30. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

32. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive clear, accurate and unambiguous collection letters from Defendant that would allow Plaintiff to identify the source of the alleged Debt and confirm that the alleged Debt was actually owed. As set forth herein, Defendant deprived Plaintiff of these rights.

33. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of these rights.

34. Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

35. Plaintiff's injury is directly traceable to Defendant's conduct because Defendant sent the Letter, and but for Defendant's conduct, Plaintiff would not have been deprived of the aforementioned rights.

36. Plaintiff has been misled by Defendant's conduct.

37. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

38. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

39. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

40. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

41. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff to be sued.

42. As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

43. As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

44. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

45. A favorable decision herein would redress Plaintiff's injury with money damages.

46. A favorable decision herein would serve to deter Defendant from further similar conduct.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), 1692g(b), 1692e and 1692e(10)**

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. The Letter immediately under the validation notice states: Any writing which disputes the validity of the debt or any portion thereof, or any writing requesting the name and address of the original creditor may be sent to the mailing address on page 1.

49. By placing the writing notice for disputing the debt along with the writing required mandate of requesting name and address of the original creditor, the Letter creates an impression that a dispute must also be in writing.

50. The notice does not thereafter clarify that the dispute need not be in writing.

51. Such placement and combination of writing notice pertaining to the dispute along with the request making provision pertaining to the original creditor information, creates reasonable confusion as to the mode and medium of lodging a dispute.

52. There is no requirement that the consumer dispute the debt in writing.

53. It is a violation of the FDCPA to require disputes be made in writing.

54. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

55. The Letter violates §1692g(a)(3) in that the Letter instructs the consumer to make a dispute in writing to prevent defendant from assuming the validity of the debt. However, the FDCPA does not prescribe that dispute to prevent the assumption of validity must be made in writing only. Such disputes may also be made verbally. The statement in the Letter that the dispute must be made in writing is therefore improper and violates the FDCPA.

56. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

57. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

58. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

59. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

60. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made in writing.

61. The aforementioned language, when examined from the perspective of the least sophisticated consumer, could lead the least sophisticated consumer to believe that her dispute must be in writing and sent to the stated address.

62. The aforementioned language, when examined from the perspective of the least sophisticated consumer, overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

63. The aforementioned language, when examined from the perspective of the least sophisticated consumer, contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

64. The aforementioned language, when examined from the perspective of the least sophisticated consumer, violates 15 U.S.C. § 1692g. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016); *Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

65. That the above-quoted language in the Letter also violates §1692g(a)(4) in that said

Letter fails to state that, in order for the consumer to obtain verification of a debt from the debt collector, the consumer must make a written dispute or request for verification. That said Letter gives the improper impression to the least sophisticated consumer that a verbal dispute or request for verification will suffice. However, the FDCPA prescribes that a dispute or request for verification of a debt must be made in writing.

66. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

67. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

68. The above-quoted language also constitutes a false representation or a deceptive means to collect or attempt to collect a debt in violation of §§1692e and 1692e(10) in that the language could reasonably lead the least sophisticated consumer to believe, erroneously, that: a) a written dispute is necessary to prevent defendant from assuming the validity of the debt; and b) a verbal dispute made at any time will protect her rights in obtaining verification and a cessation in the attempts to collect the debt in the meantime.

69. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

70. The question of whether a collection letter is deceptive is determined from perspective of the "least sophisticated consumer."

71. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

72. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

73. The aforementioned language, when examined from the perspective of the least sophisticated consumer, could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing and sent to the stated address.

74. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described above, it is deceptive within the meaning of the FDCPA.

75. Because the Letter could impede the least sophisticated consumer's ability to respond to the Letter or dispute the debt, it is a material violation of the FDCPA.

76. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10)

77. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

78. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

80. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

81. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

82. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

83. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

84. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

85. The Letter is on the letterhead of the law firm Lazy Katzen LLP · Attorneys at Law.

86. The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

87. The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

88. The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

89. The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

90. The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

91. The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

92. The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

93. As such, the least sophisticated consumer would likely feel threatened.

94. As such, the least sophisticated consumer would likely feel intimidated.

95. As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

96. As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

97. As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant if he or she did not pay the debt.

98. However, no attorney with Defendant sent the Letter to Plaintiff.

99. No attorney with Defendant was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

100. No attorney with Defendant was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

101. No attorney with Defendant was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

102. The Letter misleads consumers into believing that there was meaningful attorney involvement in the collection of the debt.

103. The least sophisticated consumer would likely be misled to believe that an attorney was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

104. The least sophisticated consumer would likely be misled to believe that an attorney was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

105. The least sophisticated consumer would likely be misled to believe that an attorney was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

106. The least sophisticated consumer would likely be misled to believe that an attorney determined that the letter should be sent.

107. Defendant's conduct is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

108. Defendant's conduct is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

109. Defendant's conduct is a false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

110. Defendant's conduct is a false representation that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

111. Defendant's conduct is a false implication that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

112. Defendant's conduct is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

113. Defendant's conduct is a is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

114. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g and 1692e

115. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

116. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

117. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

118. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

119. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

120. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

121. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

122. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

123. 15 U.S.C. § 1692g(b) provides that collection activities and communication during

the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

124. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

125. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

126. The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to dispute the debt.

127. The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to demand validation of the debt.

128. The Letter fails to advise that the fact Plaintiff's account was assigned to a law firm does not override the Plaintiff's right to request information concerning the current creditor.

129. The least sophisticated consumer, upon reading that her account was assigned to a law firm, could reasonably interpret the Letter to mean that even if she exercises her validation rights, she could nevertheless be sued.

130. When a law firm is acting solely as a debt collector in sending a dunning letter, the law requires the law firm to issue a disclaimer indicating such.

131. The Second Circuit has recognized that debt collection letters printed on "law firm letterhead, standing alone, does represent a level of attorney involvement to the debtor receiving the letter. *Bitzko v. Weltman, Weinberg & Reis Co.*, LPA, No. 117CV00458BKSDJS, 2019 WL 4602329, at *4 (N.D.N.Y. Sept. 23, 2019).

132. To most consumers, the relevant distinction between a collection agency and an attorney is the ability to sue," a letter signed by an attorney signals to the unsophisticated consumer

that legal action is at hand. *Herzlinger v. Nichter*, No. 7:09-CV-00192, 2011 WL 1434609, at *6 (S.D.N.Y. Feb. 9, 2011), on reconsideration in part, No. 7:09-CV-00192, 2011 WL 1408180 (S.D.N.Y. Apr. 5, 2011).

133. To balance these interests, the law requires that law firms when acting as debt collectors provide a disclaimer such as "Please be advised that we are acting in our capacity as a debt collector and at this time, no attorney with our law firm has personally reviewed the particular circumstances of your account." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 364 (2005).

134. The least sophisticated consumer, upon reading that her account was assigned to a law firm, and in the absence of any further explanation, could reasonably interpret the Letter to mean that even if she disputes the validity of the debt, she could nevertheless by sued even during the verification process.

135. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

136. As a result of the foregoing, the Letter would likely discourage the least sophisticated consumer from exercising her right to request validation of the debt.

137. As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer confused as to her rights.

138. As a result of the foregoing, the threat of possible legal action would likely make the least sophisticated consumer uncertain as to her rights.

139. Defendant violated § 1692g as Defendant overshadowed the information required to be provided by that Section.

140. Defendant violated § 1692g(b) as the potential threat of legal action overshadows the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

141. Defendant violated § 1692g(b) as the potential threat of legal action is inconsistent with disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

142. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

143. While Section 1692e specifically prohibits certain practices, the list is non exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

144. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

145. As a result of the foregoing, the Letter is deceptive.

146. As a result of the foregoing, the Letter constitutes a deceptive means to attempt to collect the Debt.

147. As a result of the foregoing, the Letter violates 15 U.S.C. §§ 1692g and 1692e, and Defendant is liable to Plaintiff therefor.

### CLASS ALLEGATIONS

148. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

149. Plaintiff seeks to certify a class of:

> i. All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action

to the present.

150. This action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

151. The Class consists of more than thirty-five persons.

152. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

153. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

154. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

155. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: June 18, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21236
*Attorneys for Plaintiff*